980 F.2d 745
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Deward L. CUMMINGS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3241.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1992.
Rehearing Denied Nov. 17, 1992.
 
 Before RICH, MAYER and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Deward L. Cummings (Mr. Cummings) seeks review of the August 22, 1991 initial decision of the Administrative Judge (AJ), Docket No. DE07528910288-1, which became the final decision of the Merit Systems Protection Board (Board) on September 26, 1991 upon Mr. Cummings' failure to timely petition the full Board for review. The AJ affirmed the United States Postal Service's (Postal Service) decision to remove Mr. Cummings from his position as a mailhandler based on two of three charges originally brought against him by the Postal Service. We affirm.
 
 DISCUSSION
 
 2
 Mr. Cummings was originally removed from his postal employee position based on three charges: 1) threatening an Omaha Airport Authority (OAA) Officer while he (Mr. Cummings) was on duty at the Omaha Air Mail Facility; 2) failure to meet the requirements of his position; and 3) failure to follow instructions. Mr. Cummings appealed to the Board upon which the AJ, in a September 25, 1989 initial decision, upheld his removal as a reasonable penalty based on all three charges. On review to the Board, the third charge was affirmed but the first two charges were vacated based on, among other things, the AJ's failure to make sufficient credibility determinations to determine whether a threat was made and erroneous consideration of various factors. Accordingly, the case was remanded with instructions to readjudicate charges one and two and to issue a new initial decision. The AJ was also instructed to redetermine the reasonableness of the penalty in light of the sustained charges. This was accomplished in the August 22, 1991 decision now on appeal.
 
 
 3
 On remand, the AJ found that although Mr. Cummings had made certain confrontational statements to the OAA Officer, neither of two allegedly threatening statements constituted a threat under the standards set forth in Metz v. Department of the Treasury, 780 F.2d 1001, 1004 (Fed.Cir.1986) because, among other things, the Officer did not believe there was an immediate threat of harm. As a result, the first charge was not sustained.
 
 
 4
 However, the AJ sustained the second charge finding that Mr. Cummings failed to meet the requirements of his position. In view of Mr. Cummings' confrontation with the OAA Officer, his airport identification badge was revoked by the OAA. As Mr. Cummings was aware, the badge is a requirement as part of the airport facility security system. Without the badge, Mr. Cummings was not allowed on the premises and could not perform his duties. The AJ rejected Mr. Cummings' claim that he could perform his duties if his supervisor could provide one-on-one supervision in lieu of the badge requirement. The AJ found that, among other things, such supervision would have to be provided eight hours a day and would be impractical in view of the size of the facility and his supervisor's other duties. Accordingly, the AJ sustained the second charge.
 
 
 5
 The AJ also sustained the third charge based on Mr. Cummings' failure to follow the instructions of his supervisor. After the confrontation with the OAA Officer, Mr. Cummings' supervisor instructed Mr. Cummings to give his name to the OAA Officer. Mr. Cummings refused. He then stormed past the Officer stating that he was going home to get his badge.
 
 
 6
 Since only two of the three original charges were sustained against Mr. Cummings, the AJ reevaluated the appropriateness of the removal penalty taking into account the factors outlined in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305 (1981). The AJ found that the removal penalty was warranted because, among other things, both of the sustained charges were serious offenses, Mr. Cummings had been disciplined on two previous occasions for insubordination and warned that any further such behavior would result in a removal action and Mr. Cummings was unable to get along with other employees. In view of the fact that this was the third time Mr. Cummings was charged with failing to follow his supervisor's instructions, the AJ also concluded that "the insubordination charge, standing alone, warrants removal."
 
 
 7
 Mr. Cummings has raised numerous arguments on appeal. This court has considered each of these arguments in reaching its decision. However, our standard of review is narrow. We may set aside the Board's decision only if we find it to be (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). We see no such error here and, accordingly, affirm.